**In re Charles A. WHITE, Jr., Anita D. White, Debtors.**

No. 04–00141–5–ATS.

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Dec. 9, 2004.

John T. Orcutt, Offices of John T. Orcutt, PC, Raleigh, NC, for Debtors.

John F. Logan, Office of Chapter 13 Trustee, Raleigh, NC, trustee.

## ORDER DENYING OBJECTION TO CONFIRMATION

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the Internal Revenue Service's objection to confirmation of the debtors' chapter 13 plan. A hearing took place in Raleigh, North Carolina on December 7, 2004.

Charles A. White, Jr. and Anita D. White filed a petition for relief under chapter 13 of the Bankruptcy Code on January 13, 2004. They listed the IRS as a creditor holding an unsecured priority claim in the amount of $1,203 and a general unsecured claim in the amount of $30,648. The IRS filed a proof of claim on June 21, 2004,

asserting a secured claim in the amount of $7,006, an unsecured priority claim in the amount of $3,896.31, and a general unsecured claim in the amount of $19,477.79.

On June 14, 2004, the Whites' attorney wrote to the IRS and requested that the IRS amend its claim because the debtors decided to surrender their interest in certain personal property in which the IRS claimed a security interest. The property included a 1995 Plymouth Voyager, household goods, wearing apparel, and jewelry totaling $4,533 in value. The debtors indicated that the surrendered value should be added to the unsecured general claim. The IRS declined by letter dated August 10, 2004, to amend its claim stating that case law does not allow bifurcation of its claim and a partial surrender.

On June 8, 2004, the chapter 13 trustee filed a motion to dismiss, citing the debtors' effort to surrender some of the IRS's collateral and retain the remainder, thus reducing the value of the IRS's secured claim. In an order dated September 24, 2004, the court held that bifurcation and partial surrender are not impermissible per se. *In re White*, Case No. 04–00141–5–ATS (Bankr.E.D.N.C. Sept.24, 2004). The court noted that in some cases it may be unfair to allow a partial surrender, and that it would consider the issue at confirmation.

On October 4, 2004, the trustee filed a motion to confirm the debtors' plan, which provides for payments of $1,373 per month for 38 months. The plan identifies a secured claim in favor of the IRS in the amount of $2,473, priority claims totaling $4,241 ($3,896 to the IRS and $345 to the Wake County Department of Revenue), and provides for a pro rata distribution to unsecured creditors. The IRS objected to confirmation of the plan as proposed.

The IRS contends that the plan should not be confirmed because (1) by proposing bifurcation, the plan fails to provide for full payment of the IRS's secured claim in violation of 11 U.S.C. § 1325(a)(5) and (6); (2) the property the debtors propose to surrender is necessary for them to comply with the plan, rendering the plan infeasible in violation of § 1325(a)(6); (3) the debtors do not intend to surrender the collateral and thus the plan is proposed in bad faith in violation of § 1352(a)(3); and (4) debtors are prohibited by 26 U.S.C. §§ 6311 and 6316 from paying their tax liabilities with personal property, and thus the plan proposes a means of payment forbidden by law in violation of 11 U.S.C. § 1325(a)(3). The IRS also argued that it does not have a mechanism for accepting surrender of collateral and converting it to cash payments, and that by law it is prohibited from levying on personal property.

■ The IRS failed to make a compelling argument as to why partial surrender is impermissible, and the court will not change its prior determination that a partial surrender is allowable. Indeed, the IRS is really contending that *any* surrender, even a full surrender, is not a proper way to satisfy an IRS lien. The crux of the IRS's argument is that it cannot convert a lien on personal property into cash, and thus it is entitled to a secured claim that must be paid in full, in cash, through the plan.

■ The IRS asserts a secured claim in the amount of $7,006. The debtors' schedules show that the security consists entirely of personal property, including the items listed above that the debtors wish to surrender (valued at $4,533), plus equity in a 1996 Chevrolet Silverado in the amount of $2,093 and two IRA accounts with a combined value of $380. The IRS contends that its claim is secured by a lien on property that it cannot levy upon, cannot accept from the debtors as payment, and cannot otherwise use to satisfy its debt.

A "lien" is a "charge against or interest in property to secure payment of a debt or

performance of an obligation." 11 U.S.C. § 101(37). If the IRS has no ability to convert its lien on personal property to payment, then the property does not "secure payment" and it has no value to the IRS. The effect of the IRS's inability to enforce its lien and collect payment is that its claim is not a secured claim, but is an unsecured claim.

Based on the foregoing, the objection to confirmation is **DENIED.** The IRS's allegedly secured claim in the amount of $7,006 is unsecured, and this amount must be added to the general unsecured claims to be paid through the plan.

**SO ORDERED.**